UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY L. HARMON,

                      Plaintiff,

v.                                                             Case No. 24-cv-600-pp

ABC 2 NEWS STATION, *et al.*,

                      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9) AND ORDERING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED ON STATUTE OF LIMITATIONS GROUNDS**

---

       Plaintiff Larry L. Harmon, who is incarcerated at the Ozaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and resolves his motion to appoint counsel, dkt. no. 9.

I.     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On May 20, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $78.86. Dkt. No. 5. The court received that fee on June 21, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.  Screening the Complaint**

   A.  Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff sues ABC 2 News Station, wbay.com, Green Bay Police Department (Chief Officers), Green Bay Crime Reports (Facebook page owner) and John/Jane Does. Dkt. No. 1 at 1. He alleges that while sitting in his driveway in Howard, Wisconsin at around 10:00 p.m. on January 25, 2021, Green Bay Police Department officers threatened to shoot him if he didn't get out of his car. Id. at 2-3. The plaintiff states that he complied and got out of his vehicle with his hands up at which time he was forcibly thrown to the ground, arrested and thrown in back of a police vehicle "for reasons unknown." Id. The plaintiff allegedly asked multiple times what was going on and why he was being arrested, but he was ignored. Id.

The plaintiff states that he provided the officers with his license upon request. Id. The officers allegedly asked to search the plaintiff's car and he said no, mainly because of how he was being treated, but the officers then took his keys from his pocket and illegally searched his car. Id. The plaintiff states that

3

when they didn't find anything, an officer asked where the guns were; the plaintiff had no idea what the officer was talking about. Id. The officer allegedly then told the plaintiff that they had just been on a police chase and the person they chased said he stayed at the plaintiff's address. Id. This person allegedly had just crashed, and they recovered a gun. Id. at 3-4. The plaintiff states that the officers arrested the person and then went to the plaintiff's address where they saw him sitting in his car. Id. at 4. The officers allegedly took the plaintiff to "Brown County" where he sat over the weekend. Id. The plaintiff states that he never saw a judge but that he was given a paper that said the charges were dismissed and he was released. Id.

The plaintiff alleges that he struggled to get home because his phone and money were in his car in the driveway, so he had to walk almost two hours home in freezing cold weather. Id. He states that when he arrived home, he discovered that his book bag with clothes, money, second phone, Apple watch and shoes was gone. Id. The plaintiff states that he then looked at his phone and found out that family and friends had been contacting him to see why he was on ABC 2 News, wbay.com and Green Bay Crime Reports Facebook page with another individual for stealing cars and a high-speed chase with police. Id. The plaintiff allegedly reviewed the news clip to see his full name and mug shot were on the news, the news site and the Facebook page for breaking in and stealing cars; he says that he had nothing to do with that incident. Id. He allegedly suffered threats, embarrassment and humiliation. Id.

The plaintiff claims that the officers who arrested him on January 25, 2021 used excessive force, wrongfully arrested and incarcerated him and took belongings from his car that they still have not returned. Id. at 5. He seeks relief from "the department itself and chief for improperly training officers and

4

Case 2:24-cv-00600-PP   Filed 11/05/24   Page 4 of 10   Document 11

letting officers enforce such behavior." Id. The plaintiff also seeks relief from ABC 2 News for defamation of character by wrongfully putting his face and full name on the news. Id. He seeks relief from the wbay.com site and the Green Bay Crime Reports Facebook page owner for posting his name and photo for something he didn't do. Id.

For relief, the plaintiff seeks damages from each defendant of $5,000,000. Id. at 6. He also requests that the defendants delete the news story and posts from the January 25, 2021 incident, that his book bag with sentimental belongings be returned and that they stop harassing and racial profiling him and others. Id.

    C.    Analysis

The plaintiff's complaint has a threshold problem; it is untimely. The statute of limitation for lawsuits brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 cases arising in Wisconsin for causes of action accruing on or after April 5, 2018 is the three-year limitation period mandated by Wis. Stat. §893.54 (2018). Federal law determines that the accrual date of a cause of action occurs when "the plaintiff has a 'complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" Huber, 909 F.3d at 207 (quoting Wallace, 549 U.S. at 388). A §1983 claim accrues when the plaintiff knows or should have known that his or her constitutional rights have been violated. Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993). While a complaint need not anticipate affirmative defenses like the statute of limitations, dismissal for untimeliness is proper when the plaintiff's allegations establish that the statute of limitation

bars recovery. Milchtein v. Milwaukee County, 42 F.4th 814, 822 (7th Cir. 2022).

The statute of limitation bars the plaintiff's claims for excessive force, unlawful arrest and unlawful search against Green Bay Police Department and Jane/John Doe officers for violations of his constitutional rights. The claims accrued on January 25, 2021, and the plaintiff had three years—until January 24, 2024—to file a lawsuit regarding the claims. The plaintiff filed this case on May 15, 2024, which was well outside the limitation period.

The statute of limitation also bars the plaintiff's state law claims for defamation of character against ABC 2 News, wbay.com and Green Bay Crime Reports (Facebook page owner).[1] Wisconsin has a three-year statute of limitation for intentional torts, including defamation. Wis. Stat. §893.57. To be timely under Wisconsin law, a defamation action must be "commenced within 3 years after the cause of action accrues." Id.; see also Colborn v. Netflix Inc., 541 F. Supp. 3d 888, 894-95 (E.D. Wis. 2021). The plaintiff's defamation of character claims accrued on the date the postings were made, not on a date that the same posting or news story was subsequently viewed. See Laughland v. Beckett, 365 Wis. 2d 148, 161-62 (2015) (because the party posting material on the internet has no control over other websites' use or dissemination of that material, a plaintiff alleging defamation based on the posting has a single cause of action arising at the first instance of publication, regardless of how many people see the publication over time after it is posted). This rule prevents the constant tolling of the statute of limitation, "holding that the statute of limitations begins to run when the allegedly defamatory material is first made

---

[1] The plaintiff alleges that he is citizen of Illinois, and he seeks $5,000,000 in damages, so he appears to have sufficiently alleged diversity jurisdiction under 28 U.S.C. §1332.

6

available to the public by posting it on a website." Id. at 162 n.3 (citation omitted).

The plaintiff does not allege the specific date on which the news report and postings were made but based on his allegations, they must have occurred on or before he was released from the Brown County Jail. He allegedly arrived at the jail on January 25, 2021 and stayed there over the weekend; on the day he was released, his family and friends notified him that he was on the news and the internet for something he didn't do. January 25, 2021 was a Monday, so if the plaintiff stayed at the jail until the following Monday, he would have been released on February 1, 2021. The plaintiff claims that ABC 2 News wrongfully put his face and full name on the news and he claims that wbay.com site and the Green Bay Crime Reports Facebook page owner wrongfully posted his name and photo for something he didn't do. The plaintiff needed to bring suit within three years of the news report and postings, or by January 31, 2024. Because he filed this lawsuit on May 15, 2024, it is untimely.

Based on the complaint, the statute of limitation bars the plaintiff's claims arising under federal and state law. Under the applicable law, the plaintiff needed to file this lawsuit within three years of the date that his claims accrued, and he failed to do so. The court is not aware of any tolling provision that would apply to the plaintiff's claims. The court will direct the plaintiff to show cause as to why this case should not be dismissed based on the statute of limitation.

### III. Plaintiff's Motion to Appoint Counsel, Dkt. No. 9

The plaintiff has filed a motion asking the court to appoint counsel. Dkt. No. 9. In a civil case, the court has discretion to recruit a lawyer for individuals

7

Case 2:24-cv-00600-PP    Filed 11/05/24    Page 7 of 10    Document 11

who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong,

the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has not satisfied the first prong for recruitment of counsel because he has not provided the court with the names of the lawyers he contacted. Even if he had, it is not clear that he can state a claim. The court has explained that his claims are untimely; this order directs him to show cause why the case should not be dismissed on statute of limitations grounds. The plaintiff should be able to respond that directive himself, without the assistance of a lawyer. The court will deny without prejudice the plaintiff's motion to appoint counsel.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

9

Case 2:24-cv-00600-PP    Filed 11/05/24    Page 9 of 10    Document 11

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 9.

The court **ORDERS** that by the end of the day on **November 29, 2024**, the plaintiff must file with the court a written explanation showing cause why the court should not dismiss the case on statute of limitation grounds. If the court does not receive a written explanation by the end of the day on November 29, 2024, the court will dismiss this case as untimely filed without further notice or hearing.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$271.14** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Ozaukee County Sheriff, who oversees the Ozaukee County Jail, where the plaintiff is confined.

Dated in Milwaukee, Wisconsin, this 5th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**