UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY L. HARMON,

                Plaintiff,

v.                                                                                   Case No. 24-cv-600-pp

ABC 2 NEWS STATION, *et al.*,

                Defendants.

## ORDER DISMISSING CASE

      Plaintiff Larry Harmon, who is incarcerated at the Ozaukee County Jail and is representing himself, filed this case alleging that the defendants violated his rights under federal and state law. The court screened the complaint under 28 U.S.C. §1915A, determined that the statute of limitations bars the plaintiff's claims and directed the plaintiff to show cause why the court should not dismiss the case on statute of limitations grounds. Dkt. No. 11 at 6-7. The plaintiff followed up with a letter stating that the court should not dismiss the case because the plaintiff had a "disability of mental health" that extends the limitation period. Dkt. No. 12. Because the plaintiff's filings demonstrate that he did not suffer from a mental illness under Wis. Stat. §893.16 when his claims accrued, the court will dismiss the case on statute of limitations grounds.

      The plaintiff states that under Wis. Stat. §893.16, his anxiety, clinical depression and PTSD should extend the limitation period by five years. Dkt. No. 12 at 1. He says that "[n]ot only did being imprisoned and lack of legal

1

knowledge stall the action but also a disability of mental health at the time." Id. The plaintiff argues that under §893.57 and §893.16, he has "a total of 7 years in which to commence action . . . ." Id. He says that [b]ecause the defamatory statements and illegal arrest happen[e]d January 25, 2021, the action was commenced May, of 2024," and that "[he] feel[s] [he's] within the statute of limitations and would have until January of 2028." Id. at 1.

The plaintiff also argues that the court should not dismiss the case because he lacks legal knowledge. Id. at 2. He says that "immediately after the civil violations occurred [he] tried relentlessly to contact lawyers and civil lawyer's to start the action but was either denied or told they were not willing to go up against the news station and police department." Id. The plaintiff asserts that his civil rights "were beyond violated, [he] went through embarrassment, humiliation and pain and suffering for a while." Id. He explains that he was "the[n] incarcerated which thr[ew] [his] focus off the action, but the case was dismissed in 2021 and 2022 and [he] recently got arrested June 2023, and ha[s] be[en] incarcerated since." Id. He says that it "has been difficult filing the action especially being incarcerated with limited legal resources, but [he] h[as] some better understanding of the law and filed the action as soon as [he] could." Id.

In the complaint, the plaintiff alleged that the City of Green Bay Police Department officers who arrested him on January 25, 2021 used excessive force, wrongfully arrested and incarcerated him and took belongings from his care that they still have not returned, in violation of his constitutional rights.

2

Dkt. No. 1 at 5. The plaintiff also sought relief from ABC 2 News, the wbay.com site and the Green Bay Crime Reports Facebook page for defamation of character in violation of Wisconsin state law. Id. Because Wisconsin has a three-year limitation period for personal injury claims, the court determined that the statute of limitations bars the plaintiff's federal claims. Dkt. No. 11 at 5-6. It determined that his claims accrued on January 25, 2021, and that the plaintiff had three years—until January 24, 2024—to file a lawsuit. Id. at 6. He filed this case on May 15, 2024, well outside the limitation period.

The court also determined that the statute of limitations bars the plaintiff's state law claims, based on Wisconsin's three-year limitation period for intentional torts. Id. at 6-7.

> The plaintiff's defamation of character claims accrued on the date the postings were made, not on a date that the same posting or news story was subsequently viewed. See Laughland v. Beckett, 365 Wis. 2d 148, 161-62 (2015) (because the party posting material on the internet has no control over other websites' use or dissemination of that material, a plaintiff alleging defamation based on the posting has a single cause of action arising at the first instance of publication, regardless of how many people see the publication over time after it is posted). This rule prevents the constant tolling of the statute of limitation, "holding that the statute of limitations begins to run when the allegedly defamatory material is first made available to the public by posting it on a website." Id. at 162 n.3 (citation omitted).
>
> The plaintiff does not allege the specific date on which the news report and postings were made but based on his allegations, they must have occurred on or before he was released from the Brown County Jail. He allegedly arrived at the jail on January 25, 2021 and stayed there over the weekend; on the day he was released, his family and friends notified him that he was on the news and the internet for something he didn't do. January 25, 2021 was a Monday, so if the plaintiff stayed at the jail until the following Monday, he would have been released on February 1, 2021. The plaintiff claims that ABC 2 News wrongfully put his face and full

3

name on the news and he claims that wbay.com site and the Green Bay Crime Reports Facebook page owner wrongfully posted his name and photo for something he didn't do. The plaintiff needed to bring suit within three years of the news report and postings, or by January 31, 2024. Because he filed this lawsuit on May 15, 2024, it is untimely.

Id.

Wisconsin state law allows for tolling the statute of limitation up to five years if the plaintiff was "mentally ill" when the injury accrued and continues to be mentally ill. See Wis. Stat. §893.16(1). "A plaintiff is 'mentally ill' for purposes of the Wisconsin tolling provision if he is or was 'functionally unable to understand or appreciate the situation giving rise to the legal claim' or 'functionally unable to understand legal rights and appreciate the need to assert them.'" Lewis v. Stenz, 637 F. App'x 943, 944 (7th Cir. 2016) (quoting Storm v. Legion Ins. Co., 265 Wis. 2d 169, 665 N.W.2d 353, 369 (2003)); see also Miller v. Runyon, 77 F.3d 189, 191-92 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them.") (citations omitted). Although a complaint need not anticipate affirmative defenses like the statute of limitations, dismissal for untimeliness is proper when the plaintiff's allegations establish that the statute of limitations bars recovery. Milchtein v. Milwaukee County, 42 F.4th 814, 822 (7th Cir, 2022).

Based on the plaintiff's complaint and his filing in response to the court's order to show cause, the court cannot find that the plaintiff had a mental illness that would entitle him to tolling under Wis. Stat. §893.16(1). In his

complaint, the plaintiff alleges that when he was arrested on January 25, 2021, sitting in his driveway, he had a vehicle, driver's license and car insurance. Dkt. No. 1 at 3. He says that he told the officers who arrested him that he had a driver's license and car insurance and that he had nothing to do with the high-speed car chase they told him about. Id. The plaintiff states that when the officers asked him for permission to search his car, he said no, but the officers then took his keys and illegally searched his car. Id. The plaintiff allegedly was held at the jail over the weekend and when he was released, he had to walk home because he didn't have his phone and money. Id. at 4. He states that when he arrived home, he discovered that his personal items—including his bookbag with clothes, second phone, Apple watch and shoes—were missing. Id. The plaintiff allegedly then discovered when looking at his phone that his friends and family repeatedly had contacted him to see why he was on ABC 2 News, wbay.com and Green Bay Crime Reports Facebook page for stealing cars and a high-speed police chase, which he says he had nothing to do with. Id. In his letter in response to the court's show cause order, the plaintiff states that "immediately after the civil rights violations occurred, [he] tried relentlessly to contact lawyers and civil lawyer's to start the action but was either denied or told they were not willing to go up against the news station and police department." Dkt. No. 12 at 2.

"A disability does not exist, for the purposes of [§893.16], unless it existed when the cause of action accrues." Wis. Stat. §893.16(3). The plaintiff's filings show that when his claims accrued, he had sufficient information to

alert him that he could file a lawsuit based on alleged violations of his rights under federal and state law. The plaintiff was not "functionally unable to understand legal rights and appreciate the need to assert them." See Myers v. Noble, No. 22-1642, 2023 WL 1514439, at *2 (7th Cir. Feb. 3, 2023) (quoting Storm, 655 N.W.2d at 369) (affirming dismissal of complaint at screening where plaintiff did not contend that he met standard and psychological report did not suggest that he did). The statute of limitations bars the plaintiff's claims. The court will dismiss the case.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** because the statute of limitations bars the plaintiff's claims. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in

federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of April, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**